UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THADDEUS HARDY, <br> an individual, <br>         Plaintiff, <br> v. <br> LAKEFRONT MANAGEMENT AUTHORITY, as the public entity responsible for the New Orleans Lakefront Airport and LOUIS J. CAPO in his official Capacity as Executive Director of Lakefront Management Authority, <br>         Defendants. | Case No: <br><br> Judge: <br><br> Magistrate Judge: |

**COMPLAINT**

Plaintiff, THADDEUS HARDY, by and through his undersigned counsel, hereby files this Complaint and sues LAKEFRONT MANAGEMENT AUTHORITY ("LAKEFRONT") as the public entity responsible for the New Orleans Lakefront Airport and LOUIS J. CAPO ("MR. CAPO"), hereinafter collectively referred to as "Defendants," for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("Americans with Disabilities Act" or "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Rehabilitation Act"), and alleges the following:

**JURISDICTION AND PARTIES**

1. This is an action for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in Orleans Parish, Louisiana.

3. Plaintiff, THADDEUS HARDY, (hereinafter referred to as "MR. HARDY") is a resident of the State of Louisiana, Orleans Parish

4. MR. HARDY is a qualified individual with a disability under the ADA. MR. HARDY has paraplegia because of a spinal cord injury.

5. Due to his disability, MR. HARDY is substantially impaired in several major life activities as he is unable to walk or stand without assistance and requires a wheelchair to ambulate.

6. Upon information and belief, LAKEFRONT constitutes the political entity which owns and operates the New Orleans Lakefront Airport, located at 6001 Stars & Stripes Boulevard, New Orleans, LA 70126 (hereinafter referred to as "the Property").

7. Upon information and belief, MR. CAPO is the Executive Director of the Lakefront Management Authority.

8. Upon information and belief, the Property is a public facility which is open to members of the public, including MR. HARDY.

9. DEFENDANTS are responsible for complying with the obligations of the ADA and the Rehabilitation Act.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISIBILITIES ACT (SOLELY AS TO MR. CAPO)

11. MR. HARDY realleges and reavers Paragraphs 1-10 as if they were expressly restated herein.

12. Upon information and belief, LAKEFRONT is the political entity responsible for owning, administering, operating, and/or maintaining the New Orleans Lakefront Airport.

13. Upon information and belief, MR. CAPO is the Executive Director of LAKEFRONT.

14. MR. HARDY has visited the Property in the past.

15. MR. HARDY has encountered architectural barriers while attempting to navigate the Property in his wheelchair.

16. MR. HARDY has been to the Property to go on a helicopter tour.

17. MR. HARDY's most recent visit to the Property was on October 28, 2024.

18. On October 28, 2024, MR. HARDY went to the Property with his daughter and her friend for a City Lights Night Tour.

19. MR. HARDY was able to get through the front of the airport entrance, but when it was time to get on the helicopter MR. HARDY learned there was no ramp to get from the terminal to the hangar.

20. In order to get to the hangar, MR. HARDY had to go back out the front entrance to the airport, down a block and a half and through a fence to get to the right hangar.

21. MR. HARDY intends to return to the Property in the future for another helicopter tour.

22. MR. HARDY lives less than ten (10) miles from the Property.

23. On November 14, 2024, MR. HARDY emailed a request for reasonable accommodation to MR. CAPO and Chris Hyer, the airport manager.

24. In this request MS. TYLER asked that the route from the terminal to the tarmac be made accessible as "there solely exist stairs leading from the terminal to the tarmac" at this time.

25. To date MR. HARDY has not received a response to his request for reasonable accommodation.

26. MR. HARDY is aware of the mobility-related barriers at the Property, as discussed in Paragraph 35.

27. MR. HARDY presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

28. The barriers discussed in Paragraph 35 are mobility-related and threaten to deny MR. HARDY equal access to the services, programs, and activities offered at the Property.

29. The barriers discussed below in Paragraph 35 are excluding MR. HARDY from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered at the Property.

30. MR. HARDY has reasonable grounds for believing that he will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 35.

31. LAKEFRONT is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is therefore subject to Title II of the ADA and its implementing regulations.

32. Title II of the ADA sets various requirements, including the "new construction/alteration" standard and the "program access" standard. The "new construction/alteration" standard and the "program access" standard apply to parts of a facility that have been altered since the passage of the ADA.

33. Under the "new construction/alteration" standard, a public entity is required to comply with the requirements of the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG"). The ADAAG sets forth the specific requirements and standards for architectural design of a facility, including ramps and restrooms.

34. Under the "program access" standard, a public entity shall ensure that each of its programs, services, and accommodations are readily accessible to and usable by individuals with

disabilities. Under the applicable case law, a public entity should use the ADAAG as a guide to determine whether a barrier exists.

35. Upon information and belief, DEFENDANTS have discriminated, and are continuing to discriminate, against MR. HARDY in violation of the ADA by excluding and/or denying him the benefits of its services, programs, and activities. MR. HARDY's visit to the Property shows that the Property, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

   1. There is no accessible route from the airport terminal to the hangars; and
   2. Other mobility-related ADA barriers to be identified following a complete inspection.

36. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

37. DEFENDANTS have discriminated against MR. HARDY by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. § 35.101 *et. seq*.

38. DEFENDANTS have discriminated, and are continuing to discriminate, against MR. HARDY in violation of the ADA by excluding and/or denying MR. HARDY the full and equal benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. MR. HARDY personally experienced the accessibility barriers when

he visited the Property.

39. 28 C.F.R. § 35.130(1)(vii) states that "[a] public entity, in providing any aid, benefit, or service, may not … limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid benefit or service."

40. Additionally, 28 C.F.R. § 35.130(4)(i) provides that "[a] public entity may not, in determining the site or location of a facility, make selections- [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination…"

41. DEFENDANTS have violated these provisions by providing services and programs at the Property which is an inaccessible facility.

42. DEFENDANTS have discriminated against MR. HARDY by excluding him from participation in, and denying him the benefits of, the services, programs, and/or activities at its Property because of MR. HARDY's disability, all in violation of 42 U.S.C. § 12132.

43. Upon information and belief, DEFENDANTS continue to discriminate against MR. HARDY by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

44. DEFENDANTS were alerted to Plaintiff's request for reasonable accommodation but

failed to respond to it within a month of receipt or make the requested accommodation.

45. The above conduct constitutes intentional discrimination.

46. The above conduct constitutes deliberate indifference.

47. Upon information and belief, MR. HARDY, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities offered at the Property, and have otherwise been discriminated against and damaged by DEFENDANTS because of DEFENDANTS' discrimination, as set forth above.

48. MR. HARDY and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy DEFENDANTS' discriminatory violations and avoid piecemeal litigation, MR. HARDY requires a full inspection of the Property in order to catalogue and cure all the areas of non-compliance with the ADA.

49. Upon information and belief, DEFENDANTS have been aware of the existence of architectural barriers at the Property since at least November 14, 2024, when MR. HARDY submitted a reasonable accommodation request.

50. MR. HARDY has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

51. MR. HARDY is suffering irreparable harm by virtue of DEFENDANTS' invasion of the rights conferred on him by 42 U.S.C. § 12131, *et seq.*

52. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is vested with authority to grant

MR. HARDY injunctive relief including to order that DEFENDANTS alter the Property to make its programs, services, and activities readily accessible to and useable by MR. HARDY and all other persons with mobility-related disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT (AS TO MR. CAPO AND LAKEFRONT)

53. MR. HARDY adopts and re-alleges the allegations contained in paragraphs 1-52 as if fully stated herein.

54. MR. HARDY brings this claim against DEFENDANTS, based upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

55. Upon information and belief, DEFENDANTS have been and continue to be a recipient of federal financial assistance within the meaning of 49 C.F.R. § 27.5 and are therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations.

56. The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

57. Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding MR. HARDY, solely by reason of his disability, from participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under DEFENDANTS' programs, services, and activities.

58. Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the

Rehabilitation Act and discriminatory conduct against MR. HARDY are evidenced by:

A. Denying MR. HARDY access to, and the opportunity to participate in or benefit from, the programs, services, and activities offered at the Property;

B. By otherwise limiting MR. HARDY in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who participate in the programs, services, and activities offered by DEFENDANTS at the Property;

C. Making facility, site, or location selections that have the effect of discriminating against individuals with disabilities, such as MR. HARDY, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by DEFENDANTS at the Property;

D. Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MR. HARDY and others similarly situated;

E. Excluding MR. HARDY from participation in, and the benefits of, DEFENDANTS' services, programs, and activities as a result of DEFENDANTS' Property being inaccessible to or unusable by MR. HARDY; and/or

F. Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and usable by individuals with disabilities.

59. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which MR. HARDY is more likely than not going to encounter upon future visits to the Property. MR. HARDY brings this action:

    A. To redress injuries suffered as a result of DEFENDANTS' discriminatory actions and inactions, as set forth herein;

    B. To reasonably avoid further and future injury as a result of DEFENDANTS' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and Rehabilitation Act;

    C. To ensure the Property is accessible as required by the relevant applications of Title II of the ADA;

    D. To be made whole and ensure future compliance; and/or

    E. to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

60. Only through a complete inspection of the Property and related facilities, undertaken by MR. HARDY and/or his representatives, can all said violations be identified and cured so as to ensure access for individuals with disabilities, the primary purpose of this action.

61. Upon information and belief, as the recipients of federal funds, DEFENDANTS are liable for damages to MR. HARDY as a result of its acts and omissions constituting intentional discrimination. It is MR. HARDY's position that even an award of nominal damages in his favor would confer significant civil rights to the public, as a judgment against DEFENDANTS, regardless of the amount, would likely deter DEFENDANTS from discriminating against individuals with disabilities in the future.

62. As set forth above, MR. HARDY has been denied access to, and without the relief requested herein will continue to be denied access to the services, programs, facilities and activities offered by DEFENDANTS, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability, as a result of DEFENDANTS' Rehabilitation Act violations set forth above.

63. MR. HARDY has retained undersigned counsel for the filing and prosecution of this action. MR. HARDY is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from DEFENDANTS pursuant to 29 U.S.C. §794(b).

64. Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant MR. HARDY injunctive relief, including an Order that DEFENDANTS alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act, or an Order that DEFENDANTS close all premises and facilities and discontinue all non-complying services, activities, programs, and accommodations until the requisite modifications are completed. This Court is also provided authority to grant MR. HARDY compensatory damages for DEFENDANTS' discriminatory actions.

65. Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding MR. HARDY, solely by reason of his disability, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under DEFENDANTS' programs and activities. These actions constitute intentional discrimination and deliberate indifference.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. HARDY prays that:

A. This Court issue a Declaratory Judgment that determines that DEFENDANTS are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B. This Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by DEFENDANTS are in violation of the Rehabilitation Act;

C. This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by DEFENDANTS are in violation of the Rehabilitation Act;

D. This Court grant permanent injunctive relief against DEFENDANTS including an Order to make all required alterations to the Property; or to make the Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

E. This Court enter an Order directing DEFENDANTS to alter and modify the Property and its programs, services, and accommodations to comply with the ADA and the Rehabilitation Act;

F. This Court award MR. HARDY monetary damages, including nominal damages, pursuant to the ADA and/or Rehabilitation Act, for the harm caused by DEFENDANTS' discrimination;

G. This Court award MR. HARDY reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Garret S. DeReus
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
         gdereus@bizerlaw.com
         eva@bizerlaw.com